**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

IN RE LETTER OF REQUEST        )
FROM FRANCE                )
IN THE MATTER OF           )     Misc. No. 06-
SALVAIRE                 )

**GOVERNMENT'S MEMORANDUM OF LAW**
**IN SUPPORT OF APPLICATION FOR ORDER**

This memorandum of law is submitted in support of the Application for an Order pursuant to Title 28, United States Code, Section 1782, in order to execute a  letter of request from France.

FACTUAL BACKGROUND:

This investigation is being conducted by the French authorities who are investigating alleged fraud.

EVIDENCE SOUGHT:

The French authorities seek information from the Delaware Secretary of State's Office and a corporation that resides in this District.  The authority for this Court to accede to this request is contained in Title 28, United States Code, Section 1782, which states in part:

(a)  The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the

court.   By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement.  The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing.   To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

The proper criteria for determining whether the court should exercise its discretion in favor of executing the request are outlined in *In Re Request for Judicial Assistance from the Seoul District Criminal Court*, 555 F.2d 720, 723 (9th Cir. 1977) (citation omitted):

> Under the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal.... [and] that the investigation in connection with which the request is made must relate to a judicial or quasi-judicial controversy.

Moreover, " (t)he judicial proceeding for which assistance is sought ... need not be pending at the time of the request for assistance; it suffices that the proceeding in the foreign tribunal and its contours be in reasonable contemplation when the request is made." *In Re Letter of Request from the Crown Prosecution Services of the United Kingdom*, 870 F.2d 686, 687 (D.C. Cir. 1989).

The letter of request in this case shows that the

information sought is for use in such proceedings in France and hence the request comes well within those circumstances contemplated by Congress in expanding the Federal Courts' authority to act in such matters. *In Re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 689-91 (D.C. Cir. 1989); *In Re Letters Rogatory from the Tokyo District, Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). Therefore, I ask this Court to honor the request for assistance.

The reception of letters of request and the appointment of a Commissioner to execute them are matters customarily handled ex parte, and persons with objections to the request raise those objections by moving to quash any subpoenas issued by the Commissioner. *Id.*

**WHEREFORE,** the United States requests that the Court issue an Order, in the form, appended hereto, appointing a Commissioner in order to execute the request for assistance.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

BY: _____
Richard G. Andrews
Assistant U.S. Attorney
Delaware Bar I.D. No.2199
1201 Market Street
Wilmington, DE   19801
(302) 573-6277

Dated: 3/31/06

Translation from the French of a document entitled "Commission Rogatoire Internationale" dated 22 November 2005 Page 1/3

| COURT OF APPEAL OF BASTIA | INTERNATIONAL ROGATORY COMMISSION |
|---|---|

**COURT OF APPEAL
OF BASTIA**

**CIVIL TRIAL COURT
OF BASTIA**

Bureau of
Mr OLLIVE
Examining Magistrate

**INTERNATIONAL ROGATORY
COMMISSION**

Prosecution n° : 0500/3133
Investigation n° : B05/00042

Criminal Procedure

We, Daniel OLLIVE, Examining Magistrate at the Civil Trial Court of Bastia,

Given the investigation carried out against **Marie Josée SALVAIRE, Nicolas ZOONEKYND,** Individuals indicted on a charge of Fraudulent Breach of Trust by individuals making a public appeal, offences covered and repressed by Articles 314-1, 314-2, 314-10 and 314-12 of the Penal Code;

Given the treaty of judicial mutual assistance in penal matters between France and the United States of America dated 10th December 1998;

Given Articles 81, 151 and following of the Code of Penal Procedure,

Being ourselves unable to proceed in carrying out the necessary following acts;

Given the urgency of the matter,

**Are honoured to deliver a rogatory commission to the proper authorities of DELAWARE;**

The Examining Magistrate addresses his sincere salutations to the authorities of Delaware.

Examining Magistrate

**Daniel OLLIVE**

[Stamp + signature]

Traduction certifiée conforme à l'original
*Translation certified true to the original*
Date : 1 December 2005
Signature :

*Rosalind Fiamma*
Traductrice/*Translator*
20129 Bastelicaccia, France

[Stamp: Rosalind FIAMMA — Traductrice auprès de la Cour d'Appel de Bastia en Langue anglaise — BASTELICACCIA - 20129 — Tel. 33 (0) 495 23 81 11]

Translation from the French of a document entitled "Commission Rogatoire Internationale" dated 22 November 2005 Page 2/3

Summary of the facts

On 14th April 2004, the State Police Force (territorial brigade of Cervione, Upper Corsica) registered a complaint filed by a person claiming to have been victim of acts of breach of confidence. This person declared that he/she had connected to the website of a "financial club" (newimportclub.com) which offered high interest investments, that in order to access these investments, the person concerned had first to pay a membership fee of 580 Euros, and then had progressively invested an amount of 60,000 Euros from April to December 2004; that in early January 2005, wishing to retrieve the funds, together with the interest promised, he/she tried to contact the supervisors of New Import Club, but was unable to do so, since the site was apparently closed for maintenance.

The initial inquiry revealed that investors joining New Import Club were offered several types of contracts, named mandates, by the terms of which the members entrusted a sum of money to a company named LIBERTOI LLC, registered in the State of Delaware, managed by a certain Nicolas ZOONEKYND. This company was to invest the money so collected in commercial operations of the import-export markets. As an example, the contract baptised "Vital Contract" indicated the deposit of 20 Euros to be left for 18 months remunerated at the rate of 10,000%; in addition it stipulated that the "principal" could retrieve the capital of 20 Euros before the end of the 18 months but that, in this case, they would lose the accrued non-paid interest and that a penalty of 20% would be applied.

As far as France was concerned, investors' funds were collected for account of the company LIBERTOI LLC, by a company registered under French law named WHALE TRADE FRANCE, whose director was Mrs Marie-Josée SALVAIRE, mother of Nicolas ZOONEKYND. The investigators discovered however that many other people, whether in France or in other European countries, had transferred funds directly to the company LIBERTOI LLC via the internet, by means of "payment platforms".

It turned out that the company LIBERTOI LLC, in charge of producing profits on the investments, entrusted part of these funds to a company registered in Spain under the name COFIPAC. It is this company which was to carry out commercial operations on the import-export markets.

Questioned by the investigators, Nicolas ZOONEKYND and Marie-Josée SALVAIRE admitted that the above-named companies, placed under their management, had not, to a very large extent, fulfilled their contractual obligations, but they could give no explanation as to the true destination of the funds which were entrusted to them.

By the terms of Article 314-1 of the Penal Code, breach of confidence, which carries a maximum penalty of three years' imprisonment and a fine of 375 000 Euros, is the act of misappropriation, to the prejudice of another person, of funds, securities or any other asset placed in the hands of an individual who has accepted them and undertakes to repay them, to redeliver them or to use them in a specified manner. The investigations carried out show that a breach of confidence appears to apply to Nicolas ZOONEKYND and to Marie-Josée SALVAIRE. All the constituent elements of this offence are to be found in the operations which they carried out through their companies: transfer of substantial sums of money by the new members of New Import Club;

Traduction certifiée conforme à l'original
*Translation certified true to the original*
Date : 1 December 2005
Signature :

*Rosalind Fiamma*
Traductrice/*Translator*
20129 Bastelicaccia, France

the undertaking by contract to return the funds together with the promised interest after yielding a profit on various markets; the very probable misappropriation of the greater part of the said funds of which no trace can be found due to lack of proper accounts and, in particular, due to lack of satisfactory explanations by the individuals under investigation.

For these reasons Nicolas ZOONEKYND and Marie-Josée SALVAIRE have been charged by the undersigned examining magistrate on 16th September 2005, on the accusation of fraudulent breach of trust by persons making a public appeal.

## Mission

In view of the urgency and of the complexity of the facts, we request that the proper authorities of DELAWARE kindly:

- obtain the articles of incorporation, and all other constituent documents and modifications relating to the company LIBERTOI LLC,
- identify all the accounts opened by the said company since the year 2003, in order to establish the destination of funds which have been deposited in these accounts,
- seize the accounts documents of the said company; examine the accountant and other employees who may have information on the management of the company and on its activities, and also upon any involvement of Mrs Marie-Josée SALVAIRE in its management and its activities.

We address our thanks to the authorities of Delaware for their valued collaboration.

Given in our bureau, on 22nd November 2005
The Examining Magistrate
Daniel OLLIVE

[Stamp and signature]

Traduction certifiée conforme à l'original
Translation certified true to the original
Date : 1 December 2005
Signature :

Rosalind Fiamma
Traductrice/Translator
20129 Bastelicaccia, France

Translation from the French of a document starting with the words "Section Première. De l'abus de confiance"

● SECTION I – FRAUDULENT BREACH OF TRUST

Art. 314-1 Breach of trust is the act whereby a person, to the prejudice of other persons, misappropriates funds, valuables or any property that were handed over to him and that he accepted subject to the condition of returning, redelivering or using them in a specified way.

Breach of trust is punishable by three years' imprisonment and a fine of 375,000 euros. – *Pen.132-16, 321-5; Civil aviation L. 150-11, L. 427-2; Constr. L. 241-2, L. 261-18, L. 311-6; Inland waters. 132; Customs 251; Milit.just. 389; Discipl.et pén.mar. march. 54; Rur. 1034; Trav. L. 152-4.*

Art. 314-2 The penalties are increased to seven years' imprisonment and to a fine of 750,000 euros when the breach of trust has been committed:

1° By a person making a public appeal with a view to obtaining the transfer of funds or securities, either in a personal capacity, or as the manager or legally employed or de facto employee of an industrial or commercial enterprise;

2° By any other person who habitually undertakes or assists, even in a minor role, in operations regarding the property of a third party on whose account he recovers funds or securities.

*(L. n° 2004-204 of 9th March 2004, Art. 51)* "3° To the prejudice of an association which appeals to the public with a view to collecting funds to be used for humanitarian or social mutual assistance;

"4° To the prejudice of a person whose particular vulnerability, due to age, illness, infirmity, physical or mental deficiency or pregnancy, is apparent or known to the offender."

● SECTION IV – ADDITIONAL PENALTIES APPLICABLE TO NATURAL PERSONS AND LIABILITY OF LEGAL PERSONS

Art. 314-10 Natural persons convicted of any of the offences provided for under articles 314-1, 314-2 and 314-3 also incur the following additional penalties:

1° The forfeiture of civic, civil and family rights in the manner prescribed under article 131-26;

2° The prohibition for a maximum period of five years, according to the conditions laid out in Article 131-27, to hold public office or to undertake the social or professional activity in the course of which or on the occasion of the performance of which the offence was committed;

3° The closure, for a maximum period of five years, of the business premises, or of one or more of the premises, of the enterprise used to commit the offence; - Pen. 131-33

4° The disqualification from public tenders for a maximum period of five years;

5° The prohibition, for a maximum period of five years, to draw cheques, except those allowing the withdrawal of funds by the drawer from the drawee or certified cheques;

6° The confiscation of the thing which was used or intended for the commission of the offence, or of the thing which is the product of it, with the exception of articles subject to restitution; Pen. 131-21

7° The display or dissemination of the pronounced decision, in accordance with the conditions set out under article 131-35.

Art. 314-12 Legal persons may incur criminal liability for the offences referred to under articles 314-1 and 314-2 in accordance with the conditions laid out in article 121-2.

The penalties incurred by legal persons are:

1° A fine, in the manner prescribed under article 131-38;

2° The penalties referred to under article 131-39.

The prohibition referred to under 2° of article 131-39 applies to the activity in the course of which or on the occasion of the performance of which the offence was committed.

Traduction certifiée conforme à l'original
*Translation certified true to the original*
Date : 1 December 2005
Signature :

*Rosalind Fiamma*
Traductrice/*Translator*
20129 Bastelicaccia, France

Rosalind FIAMMA
Traductrice
auprès de la
Cour d'Appel
de Bastia
en Langue
anglaise
BASTELICACCIA

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

IN RE LETTER OF REQUEST       )
FROM FRANCE                  )
IN THE MATTER OF          )   Misc No. 06-
SALVAIRE                   )

<u>ORDER</u>

Upon application of the United States of America; and upon examination of a letter of request from France whose authorities are seeking certain testimony and information from individuals which may be found in this District, for use in a judicial proceeding in France and the Court being fully informed in the premises, it is hereby

**ORDERED**, pursuant to Title 28, United States Code, Section 1782, that Richard G. Andrews, Assistant United States Attorney, hereby is appointed as Commissioner of this Court and is hereby directed to execute the letter of request from the French authorities as follows:

1. to take such steps as are necessary, including issuance of commissioner's subpoenas to be served on persons within the jurisdiction of this Court, to collect the evidence requested;

2. provide notice with respect to the collection of evidence to those persons identified in the requests as parties to whom notice should be given (and no notice to any other party

shall be required);

      3. adopt procedures to collect the evidence requested consistent with its use as evidence in a proceeding before a Court in France, which procedures may be specified in the request or provided by the French authorities;

      4. seek such further orders of this Court as may be necessary to execute this request; and

      5. certify and submit the evidence collected to the Office of International Affairs, Criminal Division, United States Department of Justice, or as otherwise directed by that office for transmission to the French authorities.

      IT IS FURTHER ORDERED that, in collecting the evidence requested, the Commissioner may be accompanied by persons whose presence or participation is authorized by the Commissioner.


      Dated: This _____ day of _____, 2006.



              _____
              United States District Court Judge

2